

# United States Bankruptcy Court
# for the District of Oregon

**Thomas M. Renn, Judge**          405 East Eighth Avenue, Suite 2600               (541) 431-4050
Virginia H. Denney, Judicial Assistant          Eugene, Oregon 97401              FAX: (541) 431-4047
Howard J. Newman, Law Clerk

July 6, 2012

Mr. Russell W. Pike
Sherman Sherman Johnnie & Hoyt, LLP
PO Box 2247
Salem, OR 97308

Mr. Timothy Moneke
955 Baxter Road, SE
Salem, OR 97306

RE:   Sherman Sherman Johnnie & Hoyt, LLP v. Timothy Moneke; Adv. #11-6244-tmr
      Plaintiff's Cost Bill

Dear Messrs. Pike and Moneke:

      After a trial on April 25, 2012, a judgment was entered in the above-referenced adversary proceeding on May 4, 2012, denying Defendant his bankruptcy discharge.

      As part of supplemental proceedings, Plaintiff timely filed its Cost Bill. Although Defendant did not respond, I am obliged to conduct an independent review of the costs sought.

      The operative rule is Federal Rule of Bankruptcy Procedure 7054(b) which gives me discretion to award costs to the prevailing party. Rule 7054(b) is derived from Federal Rule of Civil Procedure 54(d). Young v. Aviva Gelato, Inc. (In Re Aviva Gelato, Inc.), 94 B.R. 622, 624 (9th Cir. BAP 1988). Generally, allowable costs are limited to those set out in 28 USC § 1920.[1] Taniguchi v. Kan Pacific Saipan, Ltd., __ U.S. __, 132 S. Ct. 1997, 2001 (2012) (construing FRCP 54(d)).

---

[1]28 USC § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:
    **(1)** Fees of the clerk and marshal;
    **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
    **(3)** Fees and disbursements for printing and witnesses;
    **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
    **(5)** Docket fees under section 1923 of this title;
    **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Plaintiff has requested the following as costs:

$ 293.00     Filing Fee;
$  41.77     Research fees;
$   4.56     PACER fees;
$  78.15     "Russ Pike Travel Charges to Eugene For trial"

The filing fee is recoverable under 28 USC § 1920(1). Employers'-Plasterers' Trust v. Northwest Interiors Group, LLC, 2010 WL 1838912, *2 (D. Or. 2010). PACER (Public Access to Court Electronic Records) fees have been held recoverable under various subsections of 28 USC § 1920. See Kraft v. Arden, 2009 WL 73869, *9 (D. Or. 2009) (as copying costs); Padula v. Morris, 2012 WL 525575, *3 (E.D. Cal. 2012) (as electronically recorded transcripts); Lewallen v. City of Beaumont, 2009 WL 2175637, *17 (E.D. Tex. 2009) (as clerk's fees). As such I will allow the PACER fees.

Research fees and travel costs are not recoverable under 28 USC § 1920, Alexander Manufacturing, Inc. ESOP v. Illinois Union Insurance Co., 688 F. Supp. 2d 1170, 1176-1177 (D. Or. 2010),[2] and as such will be denied.

I will delay entry of a Supplemental Judgment for 10 days from the date of this letter to allow Plaintiff an opportunity to request a hearing in support of its Cost Bill. If nothing is timely filed the Court will enter a Supplemental Judgment (drafted by the Court) consistent with the above and allowing total costs of $297.56.

Very truly yours,

THOMAS M. RENN
Bankruptcy Judge

TMR:vhd

---

[2] Plaintiff cites no other statute or rule under which these costs are recoverable. They could conceivably be allowed as part of an attorney's fee award. However, as part of my ruling at trial, I required Plaintiff to submit a separate memorandum as to its entitlement to attorney's fees. Plaintiff has not done so, and in fact as part of its Cost Bill stated it "is making no claim judgment [sic] for attorney fees incurred in this matter."